UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN WILLIAMS,

                Plaintiff,

        -against-

UNITED STATES OF AMERICA; UNITED
STATES ATTORNEY'S OFFICE FOR THE
SOUTHERN DISTRICT OF NEW YORK;
ANDREW CHAN; RYAN WOLFE ALLISON;
DOMINIC GENTILE; JARED D. HOFFMAN,

                Defendants.

26-CV-1322 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who currently is incarcerated at Hudson County Correctional Center in Kearny, New Jersey, brings this action *pro se* under the court's federal question jurisdiction, alleging that Defendants have caused him to become a target of assault in prison and thereby violated his constitutional rights. By order dated March 18, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons that follow, the Court dismisses the complaint but grants Plaintiff 30 days' leave to amend the complaint to allege facts showing that he has standing to seek injunctive relief.

**STANDARD OF REVIEW**

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff states that this "action arises from the government's publication and continued maintenance of materially false factual statements attributed to Plaintiff, a federal pretrial detainee, falsely asserting that Plaintiff

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

confessed to having a 'beef' with an alleged murder-for-hire suspect while hospitalized for thirteen gunshots."[3] (ECF No. 1, at ¶ 1.)

On December 26, 2023, while outside of a night club in Queens, New York, Plaintiff was shot thirteen times; his pregnant girlfriend was killed in the same incident. (*Id.* at ¶¶ 12-13.) Plaintiff was taken to Jamaica Hospital for treatment of his life-threatening injuries. (*Id.* at ¶ 14.) On the next day, detectives arrived at the hospital and attempted to question Plaintiff, who "invoked his right to remain silent and did not answer any substantive questions." (*Id.* at ¶ 15-16.)

On May 23, 2024, "Plaintiff was arrested on unrelated federal fraud charges and [was thereafter] detained at MDC Brooklyn." (*Id.* at ¶ 18.) While incarcerated there, he "was physically assaulted, suffering stab wounds and lacerations." (*Id.* at ¶ 20.)

Plaintiff then explains: "On or about April 15, 2025, Defendants caused a public record document to be uploaded to LexisNexis, stating: 'On 12/27/23, while in Jamaica Hospital, Laquan Williams told officers while being interviewed that he had a beef with McBean[.]'"[4] (*Id.* at ¶ 21.) Plaintiff contends that the statement is false and that Defendants knew or should have known it was false. (*Id.* at ¶ 22.) "Plaintiff, through counsel and family, notified Defendants on multiple occasions that the statement was false and endangered his safety," yet "Defendants refused to correct, amend, or retract the false record." (*Id.* at ¶¶ 24-25.) He alleges that, as a

---

[3] Plaintiff's criminal prosecution remains pending, in this court, in the case entitled *United States v. Williams*, No. 24-CR-0317 (LTS).

[4] The Court notes that the docket for Plaintiff's criminal case reflects no activity, and no filings, from March 1, 2025 through April 29, 2025, inclusive, a period that includes the date on which Plaintiff alleges that "Defendants caused a public record document to be uploaded to LexisNexis."

result, he has "received credible threats," "has been targeted in custody," "has suffered emotional distress," and "continues to face heightened risk of harm." (*Id*. at ¶ 26.)

Plaintiff sues the United States, the United States Attorney's Office for the Southern District of New York, and four Assistant United States Attorneys (Andrew Chan, Ryan Wolfe Allison, Dominic Gentile, and Jared D. Hoffman) who are allegedly responsible for endangering him. He asserts that Defendants have violated, and are violating, his rights guaranteed by the Fifth Amendment, Eighth Amendment, and Privacy Act. He seeks at least $10 million in damages, as well as declaratory relief and injunctive relief in the form of an order directing Defendants to expunge documents from public view and for related relief.

## DISCUSSION

Plaintiff seeks monetary relief, as well as declaratory and injunctive relief. The Court first considers his claims for monetary damages.

### A.    Claims for monetary relief

#### 1.    The four Assistant United States Attorneys

Plaintiff attempts to hold Defendants Chan, Allison, Gentile, and Hoffman liable—under the Fifth Amendment, Eighth Amendment, and the Privacy Act—for "caus[ing] a public record document to be uploaded to LexisNexis," which he says put him at risk in prison. (ECF No. 1, at ¶ 21, 25-26.) The only plausible reading of this allegation is that: (1) these Defendants, in the course of their prosecution of Plaintiff, prepared and filed litigation documents, including the "public record document" to which Plaintiff refers, with a court of record, and that (2) those documents were later captured by LexisNexis and published on its database.

The Court must dismiss the claims for monetary relief against Defendants Chan, Allison, Gentile, and Hoffman under the doctrine of prosecutorial immunity. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the

challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity (citations omitted).

Here, Plaintiff's claims for monetary relief against Defendants Chan, Allison, Gentile, and Hoffman are based on actions within the scope of their official duties and associated with the conduct of a trial or pretrial proceedings—namely, the preparation and filing of documents related to an ongoing criminal prosecution to which they are assigned. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### 2.    The United States and the United States Attorney's Office

Plaintiff also seeks monetary relief from the United States and the United States Attorney's Office for the Southern District of New York. The Court liberally construes these

claims as being asserted against the United States under the FTCA, 28 U.S.C. §§ 1346(b), 2671-80.

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a); *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). The requirement that claims be presented to the agency for administrative exhaustion is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the suit."). Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

In the complaint, Plaintiff does not allege any facts suggesting that he exhausted his administrative remedies with any federal agency before commencing this action. Because the requirement to plead exhaustion of administrative remedies under the FTCA is jurisdictional in nature, and because Plaintiff failed to allege that he exhausted his administrative remedies, this

Court lacks jurisdiction of Plaintiff's FTCA claim. The Court therefore dismisses Plaintiff's

FTCA claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.      Claims for declaratory and injunctive relief**

Plaintiff also seeks declaratory and injunctive relief in the form of a court order directing

Defendants to "correct, amend, and expunge" the allegedly false statement and remove the

document from the LexisNexis database.

Plaintiff has failed to allege facts sufficient to show that he has standing to seek

declaratory and prospective injunctive relief. Article III, Section 2, of the Constitution limits the

jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor*

*Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted).

"Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for*

*Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show

that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's

alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) as

most relevant here, the injury is likely to be redressed by the requested relief. *Valley Forge*

*Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).

The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v.*

*Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "'If [a] plaintiff[] lack[s] Article III standing, a

[federal] court has no subject matter jurisdiction to hear his claim.'" *Mahon*, 683 F.3d at 62

(internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie*

*des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III

as well as a statutory requirement. . . .").

Even if the Court agreed that Plaintiff satisfies the first two elements of standing described above—and to be clear, the Court is not convinced that he has[5]—Plaintiff fails to satisfy the third element, which is that the alleged injury is likely to be redressed, or cured, by the requested relief. *See Lujan*, 504 U.S. at 561 (explaining that for an injury to be redressable, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision"); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) ("[T]he very essence of the redressability requirement" is that a request for "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court."). Rather, the order that Plaintiff requests would *not* be likely to cure, or redress, the violation of which Plaintiff complains—namely, the risk that he allegedly faces in prison from persons who read or otherwise learned about the allegedly false statement. "There is no prospective remedy that can unring that bell." *Opala v. Watt*, 454 F.3d 1154, 1160 (10th Cir. 2006).

First, removal of the document from LexisNexis or any other database in which it might appear would not redress the fact that people in custody with Plaintiff allegedly already know about its contents. Second, as Plaintiff admits, the document containing the allegedly false statement was a "public record." Because, as Plaintiff concedes, the public record is already in the public domain, it would be highly speculative to conclude that the removal of the document from LexisNexis would prevent members of the public from learning about it. Third, LexisNexis would be under no obligation to remove the document upon request, and the court would lack jurisdiction in this case to order LexisNexis, a nonparty to this action, to do so. Thus, it is, at

---

[5] For instance, it is not clear from Plaintiff's allegations that Defendants caused the harm of which he complains, which allegedly only ripened when LexisNexis, a party that is not before the court, published the allegedly untruthful document. The sparse facts that Plaintiff provides in his complaint are insufficient to allow the Court to infer that the risk that Plaintiff allegedly faces in prison is traceable to Defendants.

8

best, speculative to conclude that Plaintiff's requested injunctive relief would result in the dissipation of the risk that he allegedly faces in prison.

For those reasons, Plaintiff lacks standing to pursue his requested injunctive and declaratory relief in this case. The Court therefore denies his request for such relief, for lack of standing to seek it. *See* Fed. R. Civ. P. 12(h)(3).

**C.      Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to support standing to seek prospective injunctive relief, the Court grants Plaintiff 30 days' leave to amend his complaint to detail that request for relief. The Court denies leave for Plaintiff to amend his complaint for any other purpose.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

<strong>CONCLUSION</strong>

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for the reasons set forth in this order, with 30 days' leave to replead his claims under the FTCA and to support standing to seek prospective injunctive relief.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 25, 2026
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial              Last Name

_____

Street Address

_____

County, City                              State                      Zip Code

_____

Telephone Number                          Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City              State              Zip Code

Defendant 2:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City              State              Zip Code

Defendant 3:

    First Name                Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City              State              Zip Code

Page 4

Defendant 4:

_____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7