UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN WILLIAMS,

                    Plaintiff,

        -against-

UNITED STATES OF AMERICA,

                    Defendant.

26-CV-1322 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is incarcerated at Hudson Correctional Facility in Kearny, New Jersey, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under the court's federal question jurisdiction, alleging that Defendants, including four Assistant United States Attorneys ("AUSAs") for the Southern District of New York, caused him to become a target of assault in a federal prison and thereby violated his constitutional and common law rights. By order dated March 25, 2026, the Court dismissed all claims against the individual AUSAs who Plaintiff named as defendants and directed Plaintiff to amend his complaint to show that he exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA") related to his claim for damages against the United States. Plaintiff did not file an amended complaint, but on April 14, 2026, he filed a document that he styles as "Plaintiff's Notice of Compliance with Court Order Directing Exhaustion of Administrative Remedies Pursuant to the Federal Tort Claims Act, 28 U.S.C.  § 2675(a)" (ECF No. 11), which the Court liberally construes as a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure.

The action is dismissed without prejudice for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**BACKGROUND**

By order dated March 25, 2026, the Court dismissed, under the doctrine of prosecutorial immunity, all damages claims against the four AUSAs named as defendants, and it further dismissed all claims for declaratory and injunctive relief due to a lack of standing. As to Plaintiff's claim for monetary relief against the United States, the Court dismissed that claim due to his failure to allege facts showing that he exhausted his administrative remedies under the FTCA before commencing this action, but granted him leave to file an amended complaint to show that he did, in fact, exhaust his administrative remedies under the FTCA.

On April 14, 2026, in lieu of filing an amended complaint, Plaintiff filed "Plaintiff's Notice of Compliance with Court Order Directing Exhaustion of Administrative Remedies Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a)." In the Notice, Plaintiff asserts that on April 8, 2026, which is after he commenced this action, he filed a claim for monetary damages with the Executive Office of United States Attorneys. (ECF No. 11, at 1-2.) He has not yet received a final determination.

In the Notice, Plaintiff also requests that this Court "hold [this] action in abeyance pending completion of the mandatory six-month administrative review period, or in the alternative, that the Court dismiss the action without prejudice with leave to reinstate upon exhaustion[.]" (*Id*. at 2.)

## DISCUSSION

### A.    Federal Tort Claims Act

The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). An FTCA claimant must exhaust his administrative remedies before filing suit in federal court by: (1) filing a claim for money damages with the appropriate federal government entity and (2) receiving a final written determination from that agency. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). The FTCA's requirement to present an administrative claim to the relevant agency "permits an action under the statute to be filed in federal court *only after* the agency denies a tort claim or denial is presumed from the passage of six months from presentment without a final agency disposition." *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021) (emphasis added). Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

The Court has closely reviewed "Plaintiff's Notice of Compliance with Court Order Directing Exhaustion of Administrative Remedies Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a)," and in it, Plaintiff admits that he commenced this civil action before he filed his claim for money damages with the Executive Office of United States Attorneys, less than six months after he submitted that administrative claim for damages, and before he received a denial

of that claim in writing. Because Plaintiff failed to exhaust his administrative remedies before commencing this action, the Court lacks subject matter jurisdiction of his FTCA claims. The Court must therefore dismiss the complaint and supplemental complaint, without prejudice, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.     Further leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint and supplemental complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend. Plaintiff may assert his FTCA claims against the United States in a new civil action once he has exhausted his administrative remedies consistent with 28 U.S.C. § 2675(a).

**CONCLUSION**

This action, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3)..

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    April 29, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

4
