UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN WILLIAMS,

                    Plaintiff,

            -against-

UNITED STATES OF AMERICA,

                    Defendant.

26-CV-1322 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. By order dated March 25, 2026, the Court dismissed the complaint with 30 days' leave to replead, finding that: (1) Plaintiff's claims for monetary relief against the four Assistant United States Attorneys ("AUSAs") named as defendants were barred under the doctrine of prosecutorial immunity; (2) the Court lacked subject matter jurisdiction of Plaintiff's claims for monetary relief against the United States and the United States Attorney's Office, which the Court construed as arising under the Federal Tort Claims Act ("FTCA"), due to Plaintiff's apparent failure to exhaust his administrative remedies under the FTCA, but granting 30 days' leave to show that Plaintiff, in fact, exhausted his administrative remedies; and (3) dismissed Plaintiff's claims for declaratory and injunctive relief due to a lack of standing.

Plaintiff did not file an amended complaint, but on April 14, 2026, he filed a document that he styled as "Plaintiff's Notice of Compliance with Court Order Directing Exhaustion of Administrative Remedies Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a)" (ECF No. 11), which the Court liberally construed as a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure. Because Plaintiff's submission confirmed that he had not exhausted his administrative remedies before commencing this action, by order dated April 29,

2026, the Court dismissed the action for lack of subject matter jurisdiction. (ECF No. 13.) On May 4, 2026, the Clerk of Court entered judgment in this action. (ECF No. 14.)

On May 11, 2026, Plaintiff filed a letter challenging his impending sentencing by another federal district court in which he was prosecuted by the four AUSAs who this Court previously dismissed from this action under the doctrine of prosecutorial immunity. (ECF No. 15.)

In light of Plaintiff's *pro se* status and his letter's focus on the four AUSAs who this Court dismissed from this action as immune, the Court liberally construes this submission as a motion to alter or amend the judgment in this action under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him.") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

### A.    Motion to Alter or Amend the Judgment under Rule 59(e)

A party who moves to alter or amend a judgment under Rule 59(e) must show that the court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive

2

arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to show that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. In Plaintiff's motion, he offers no facts suggesting that the AUSAs were not entitled to immunity in this action or that the Court had subject matter jurisdiction of his claims against the United States under the FTCA. The Court therefore denies Plaintiff's motion under Rule 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Rule 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.  The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C.      Motion for Reconsideration under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

3

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)–(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 15) is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 15.

This action in this court is closed.

SO ORDERED.

Dated:    May 19, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.